UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, | ) ) ) | Case No. 08-C-4809 |
| Plaintiffs, | ) ) | Judge Manning |
| v. | ) ) | Magistrate Judge Cox |
| P.O. ADAMS, P.O. HARRIS, P.O. JOHN DOE 1-3, individually, and the VILLAGE OF MARKHAM, | ) ) ) ) | Jury Demand |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COME the Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON and DEVIN TERRY, by and through their attorneys, GREGORY E. KULIS & ASSOCIATES, and complaining against the Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3 and THE VILLAGE OF MARKHAM, individually, and as follows:

**COUNT I- UNREASONABLE SEARCH**

1) This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, and accomplished by acts and/or omissions of the Defendants, P.O. ADAMS, P.O. HARRIS, P.O. JOHN DOE 1-3 and THE VILLAGE OF MARKHAM, committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, at all relevant times were United States citizens and residents of the State of Illinois.

4) The Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3, were duly appointed Markham police officers acting within their scope of employment and under color of law.

5) The Defendant VILLAGE OF MARKHAM was an Illinois Municipality and the employer of the individual defendants.

6) On or about May 7, 2008, the Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, were sleeping at 16248 S. Laflin in Markham, Illinois.

7) Prior to that date, P.O. ADAMS went and filed an untrue affidavit to obtain a search warrant.

8) The warrant was issued to search the home of LAMON TERRY but LAMON TERRY does not live at 16240 S, Laflin.

9) A search warrant was purportedly obtained illegally and in violation of the Plaintiff's due process rights.

10) The Defendants failed to announce their office, broke the door, threw flash grenades in the residence, and entered in an unreasonable fashion.

11) The Defendants P.O. ADAMS, P.O. HARRIS and P.O. JOHN DOE 1-3 with other officers illegally searched the home of FAYE TERRY with this illegal warrant in violation of the Plaintiffs' due process rights and their fourth amendment right.

12) As a result of the action of the Defendants the Plaintiffs suffered emotional anxiety, pain, suffering, fear and embarrassment.

13) The actions of the Defendants were intentional, willful and wanton.

WHEREFORE, the Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, prays for judgment in their favor and against the Defendants, P.O. ADAMS, P.O. HARRIS, P.O. JOHN DOE 1-3, jointly and severally, in an amount in excess of TEN THOUSAND and 00/100 ($10,000.00) DOLLARS in compensatory damages and FIVE THOUSAND and 00/1000 ($5,000.00) DOLLARS, in punitive damages, plus attorney's fees and costs.

### COUNT II- FALSE ARREST

1-11)   The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-11 of Count I as their respective allegations of paragraphs 1-11 of Count II as though fully set forth herein.

12)   Without any just cause, the Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3, with other officers, took the Plaintiffs in custody.

13)   There was no probable cause or basis to arrest the Plaintiffs.

14)   The Plaintiffs were not committing a crime or breaking any laws.

15)   At all relevant times, the Defendants were acting pursuant to customs and policies of the Markham Police Department.

16)   The actions of the Defendants were intentional, willful and with malice.

17)   Said actions of the Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3, violated the Plaintiffs', FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

18)   As a direct and proximate consequence of said conduct of Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3, the Plaintiffs, FAYE TERRY, LAMON

TERRY, RAMON TERRY and DEVIN TERRY, suffered violations of their constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and monetary expenses.

WHEREFORE, the Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, prays for judgment in their favor and against the Defendants, P.O. ADAMS, P.O. HARRIS, and P.O. JOHN DOE 1-3, in an amount in excess of TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS in compensatory damages and FIVE THOUSAND AND 00/1000 ($5,000.00) DOLLARS, in punitive damages, plus attorney's fees and costs.

### COUNT III- CITY OF MARKHAM/INDEMNIFICATION

1-16)   The Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, hereby realleges and incorporates their allegations of paragraphs 1-16 of Count II as his respective allegations of paragraphs 1-16 of Count III as though fully set forth herein.

17)   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

18)   Defendants P.O. ADAMS, P.O. HARRIS and P.O. JOHN DOE 1-3 are employees of the Village of Markham Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants P.O. ADAMS, P.O. HARRIS and P.O. JOHN DOE 1-3 be found liable for the acts alleged above, Defendants VILLAGE OF MARKHAM would be liable to pay the Plaintiffs any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiffs, FAYE TERRY, LAMON TERRY, RAMON TERRY and DEVIN TERRY, requests a trial by jury.

                                      Respectfully Submitted,

                                      FAYE TERRY, LAMON TERRY,
                                      RAMON TERRY, and DEVIN TERRY

                                      /s/ Gregory E. Kulis
                                      Gregory E. Kulis & Assoicates, Ltd.

Gregory E. Kulis & Assoicates
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
312-580-1830

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAYE TERRY, LAMON TERRY,            )<br>RAMON TERRY and DEVIN TERRY,   )<br>                                                               )<br>         **Plaintiffs,**                              )<br>    v.                                                     )<br>                                                               )<br>P.O. ADAMS, P.O. HARRIS,                  )<br>P.O. JOHN DOE 1-3, individually, and  )<br>the VILLAGE OF MARKHAM,              )<br>                                                               )<br>         **Defendants.**                           ) | Case No. 08-C-4809<br><br>Judge Manning<br><br>Magistrate Judge Cox<br><br>Jury Demand |

### NOTICE OF FILING

PLEASE TAKE NOTICE that on this 28th day of August 2008, I caused to be electronically filed with the Clerk of the District Court for the Northern District of Illinois the attached **PLAINTIFF'S FIRST AMENDED COMPLAINT.**

/s/ Ronak D. Patel
GREGORY E. KULIS & ASSOCIATES, LTD.

### CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 28st day of August 2008, I, RONAK D. PATEL, an attorney, served the attached document(s) upon the aforementioned address(es) by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record.

/s/ Ronak D. Patel

**GREGORY E. KULIS & ASSOCIATES**
**30 N. LaSalle Street, Suite 2140**
**Chicago, IL 60602**
**(312) 580-1830**